Samuel **THOMAS,** Plaintiff, Appellant,

v.

**DIGITAL EQUIPMENT CORPORA- TION, Defendant, Appellee.**

No. 89–1145.

United States Court of Appeals, First Circuit

Submitted July 13, 1989.
Decided July 28, 1989.

---

Michael A. Brown, with whom Elizabeth D. Shackford and Grayer, Brown & Dilday, Boston, Mass., were on brief, for appellant.

Richard P. Ward, with whom Philip C. Curtis and Ropes & Gray, Boston, Mass., were on brief, for appellee.

Before BOWNES, BREYER and TORRUELLA, Circuit Judges.

BOWNES, Circuit Judge.

Samuel Thomas, plaintiff-appellant, a native of India, appeals the district court's granting summary judgment to defendant-appellee, Digital Equipment Corp. (Digital) in this Title VII case, 42 U.S.C. § 2000e *et seq.* Thomas alleged that he had been treated discriminatorily on the basis of his national origin. The district court granted summary judgment because it found no evidence that he had been, in fact, treated differently from other employees. 702 F.Supp. 22. For the reasons set forth below, we affirm.

## I. FACTS

Since this is an appeal from the granting of summary judgment, we state the facts in the light most favorable to the nonmovant, Thomas. *See, e.g., Menard v. First Sec. Servs. Corp.,* 848 F.2d 281, 283 (1st Cir.1988).

Thomas is a native of India and a citizen of the United States. In 1980, he was hired by Digital as a supervisor. Between 1980 and 1984, he received various promotions, salary increases and reassignments. He also received excellent performance reviews. In July 1984, he was promoted to Procurement Manager II in the Purchasing Department, the position he held throughout the period relevant to this case. Thomas was the only manager of color at Digital's Woburn plant.

In 1984, Digital became aware that morale at the Woburn plant was very low. Because of this, Digital instituted a Human Resource Management Program and a Personnel Business Plan. One part of these plans involved "employee sensing," which is a technique for determining employee satisfaction. "Sensing" at Digital does not follow any prescribed formula. Sometimes, it involves groups of employees meeting with managers and/or with members of the personnel department. On other occasions, members of the personnel department interview employees with their managers not present.

In early 1985, Susan Dinga, Digital's Personnel Manager at the Woburn plant, "sensed" Thomas' staff. At about the same time, she also "sensed" the staffs of two other managers, both white males: Norm Robinson, another Purchasing Department manager and John Plotke, a manager in the Finance Department.

On May 16, 1985, Thomas was called to a meeting with Dinga and Frank Coursen, Thomas' supervisor. At this meeting, Dinga informed Thomas that she had talked with 13 of the 23 members of Thomas' staff. She then read to him a long list of statements she had collated from this

"sensing." Most of the statements were critical of Thomas; only one refers to his nationality. Both Dinga and Coursen told Thomas that he was still considered a good performer and that the "sensing" results would not go into his record.

About a week later, Thomas met again with Coursen. They discussed the list of staff statements and Thomas complained that the "sensing" was unfair, racist and not the norm. Thomas also met with Dinga. At this meeting, she told him that positive statements had been made about him but that they had not been included in the list and had not been revealed at the May 16 meeting.

After these meetings, Thomas began to notice differences in his staff's attitude towards him. And other managers at the plant asked Thomas about his situation. As a result, Thomas' ability to perform his job was affected. Thomas then met with three high level managers at the plant, all of whom were white males. He complained that the "sensing" and the manner in which it was done were discriminatory. He also stated that the "cloud" over him that this incident had created would destroy his career unless those present openly and officially showed their support for him. The high level managers offered private support but no one put that support in writing.

In late May or early June, Thomas informed Coursen that he would resign. Coursen urged him not to resign; he stated that Thomas was such a valuable asset that he would not allow Thomas to resign. On June 10, 1985, Thomas tendered his resignation to Coursen. Coursen urged Thomas to reconsider. He told Thomas that he would help him find another job within Digital and stated that in his opinion Thomas could secure another position if he wished. Thomas nonetheless resigned as of July 8, 1985.

The present lawsuit was commenced on July 24, 1986. Thomas alleged that he had been discriminated against on the basis of his national origin. He alleged that the "sensing" and the manner of its implementation were improperly used to produce a biased and distorted view of his performance. He also alleged that the failure of Digital's supervisors to act on his complaints undercut his ability to perform his job and forced him to resign.

During 1986 and 1987, discovery proceeded and the depositions of Thomas and Dinga were taken. On March 31, 1987, the district court ordered that the case be ready for trial on February 15, 1988. Thomas never requested that the time for discovery be enlarged. On June 10, 1988, almost four months after the case was to be ready for trial, Digital filed a motion for summary judgment. On June 28, the district court stated that the motion would be taken under advisement on the basis of all papers filed by August 1, 1988. On July 29, Thomas filed an opposition to the motion for summary judgment. He did not mention that discovery was incomplete and that he wished to take further depositions. Nor did Thomas' affidavit indicate that his opposition to the motion was hampered by a lack of discovery. *See* Fed.R.Civ.P. 56(f).[1]

The district court entered summary judgment for Digital because Thomas had failed to show that he had been treated differently from other Digital managers. Thomas appeals the district court's holding. In part, he argues that the district court entered summary judgment "prematurely, before Thomas completed discovery and deposed witnesses who could have corroborated his testimony." Br. for Appellant at 19. Digital requests double costs and attorney's fees under Fed.R.App.P. 38 and 28 U.S.C. § 1912 because of Thomas' misrepresentations in his brief as to the discovery procedure. We address first the appropriateness of summary judgment and then the

---

1. This rule states:

    Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

request for double costs and attorney's fees.

## II. SUMMARY JUDGMENT

The principles surrounding summary judgment are well settled in this circuit:

Although in reviewing the propriety of a grant of summary judgment, we examine the record in the light most favorable to the losing side, *e.g., Kennedy v. Josephthal & Co., Inc.,* 814 F.2d 798, 804 (1st Cir.1987), we observe the Supreme Court's recent pronouncements that to defeat a summary judgment motion, the non-moving party must demonstrate the existence of a genuine issue of material fact pertaining to those factual issues on which it would bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Moody v. Maine Central Railroad Co.,* 823 F.2d 693, 694 (1st Cir.1987). Moreover, "the existence of some alleged factual dispute will not defeat a summary judgment motion; 'the requirement is that there be no *genuine* issue of *material* fact.'" *Kennedy v. Josephthal & Co., Inc.,* 814 F.2d at 804 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original)); *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975). Thus, summary judgment is proper when, after adequate time for discovery, the party against whom judgment is sought fails to show sufficient basis for the establishment of an essential element of its case. *Moody,* 823 F.2d at 694 (citing *Celotex,* 106 S.Ct. at 2552–53).

*Kauffman v. Puerto Rico Tel. Co.,* 841 F.2d 1169, 1171–72 (1st Cir.1988) (footnote omitted). The Supreme Court has held:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ This is a disparate treatment case under Title VII. In such cases, if a plaintiff establishes a prima facie case of disparate treatment, the employer has the burden of producing evidence that its actions were based on legitimate, nondiscriminatory reasons; if the employer produces such evidence, the burden shifts back to the plaintiff to show that employer's proffered reasons were in fact pretextual. *See Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Oliver v. Digital Equipment Corp.,* 846 F.2d 103, 107 (1st Cir.1988). The Supreme Court recently has held that the employer's burden in "mixed motive" cases is to prove by a preponderance of the evidence "that it would have made the same decision even if it had not taken the [improper factor] into account." *Price Waterhouse v. Hopkins,* — U.S. ——, 109 S.Ct. 1775, 1795, 104 L.Ed.2d 268 (1989) (plurality); *id.* 109 S.Ct. 1795–96 (White, J., concurring in the judgment). This shift in the burden, however, is appropriate only after the plaintiff has made a prima facie case that an impermissible factor "played a motivating part in an employment decision." *Id.* 109 S.Ct. at 1795 (plurality); *id.* (White, J., concurring in the judgment), *id.* 109 S.Ct. at 1805 (O'Connor, J., concurring in the judgment). Since we find, as did the district court, that the plaintiff failed to make out a prima facie case, we need not decide whether Digital's reasons should be examined under *Burdine,*

450 U.S. 248, 101 S.Ct. 1089, or *Price Waterhouse,* 109 S.Ct. 1775.[2]

The prima facie case required of a plaintiff varies with respect to the employment action taken. *See McDonnell Douglas,* 411 U.S. at 802 n. 13, 93 S.Ct. at 1824 n. 13; *see also Oliver,* 846 F.2d at 107. But, in a disparate treatment case, "[t]he central focus of the inquiry ... is always whether the employer is treating 'some people less favorably than others because of their race, color, religion, sex, or national origin.'" *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2949–2950, 57 L.Ed.2d 957 (1978) (quoting *Teamsters v. United States,* 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396 (1977)). In most cases, the less favorable treatment is obvious; the plaintiff is either not hired or is fired. Here, however, Thomas alleges that the "sensing" was the action which set him apart from the treatment others received.[3] Thomas needs to show, therefore, that he was: (1) a member of a protected group; (2) subjected to actions not taken with respect to other managers; (3) while performing his job capably.

Thomas failed to prove the second prong of the prima facie case. Employee "sensing" was conducted not only of him but of other white male managers in positions similar to his, including another manager in Thomas' department. Furthermore, Thomas produced no evidence, other than his own bare allegations, that the "sensing" conducted of the staffs of other managers was different than the "sensing"

of his staff. Similarly, he failed to produce evidence that the manner in which Dinga presented the "sensing" results differed from others who had been "sensed," *e.g.,* that she included positive responses in her summaries of the other managers but not in Thomas' summary. He also failed to produce any evidence that others knew he had been "sensed" whereas they did not that the other managers had been "sensed." For want of any facts showing disparate treatment, Thomas' claim fails.

Thomas argues that summary judgment is particularly inappropriate in cases where intent and motivation are at issue. *See, e.g., Stephanischen v. Merchants Dispatch Transp. Corp.,* 722 F.2d 922, 928–29 (1st Cir.1983). Summary judgment may, however, be appropriate even in such cases. *See Oliver,* 846 F.2d at 109 (collecting First Circuit cases). This is especially true where the plaintiff has failed to produce any evidence by way of interrogatories, depositions or affidavits on an element which does not include motivation. Lack of evidence of actual discrimination makes the presence or absence of discriminatory intent irrelevant. Digital was entitled to summary judgment because Thomas failed to establish a prima facie case of disparate treatment.

### III. DOUBLE COSTS AND ATTORNEYS' FEES

■ Digital requests double costs and attorneys' fees pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912[4] based on misrep-

---

**2.** Thomas' statement that the district court assumed that he had made out a prima facie case is not correct. The court stated that it would assume that Thomas' assertions were "sufficient to state a claim under Title VII." The court granted summary judgment for Digital because the facts produced by discovery "completely fail[ed] to demonstrate how [Thomas] was treated differently from other Digital managers." Bald allegations sufficient for pleading purposes do not necessarily mean that a prima facie case has been shown by a preponderance of the evidence. As the Supreme Court has held: "the inquiry involved in a ruling on a motion for summary judgment necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

**3.** Thomas' other allegations concerning the events which caused him to resign all rest on the "sensing." If not for the discriminatory manner in which the "sensing" was conducted, Thomas' authority as a manager would not have suffered. Furthermore, if the sensing was not discriminatory, the failure of higher-ups to respond to charges that it was would not have been improper.

**4.** Fed.R.App.P. 38 states: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

28 U.S.C. § 1912 states: "Where a judgment is affirmed by the Supreme Court or a court of

resentations made in Thomas' brief to this court. We grant this request.

Although Rule 38 speaks in terms of frivolousness, we have awarded costs and attorneys' fees pursuant to it for "what can only be characterized as blatant misrepresentations in appellant's brief." *Ortiz Villafane v. Segarra,* 797 F.2d 1, 2 (1st Cir.1986). In *Ortiz Villafane,* the appellant stated in his brief to this court that summary judgment had been granted without discovery and that the district court had refused to allow the plaintiff to amend his complaint. *Id.* Because the record did not support these claims, we awarded double costs and attorneys' fees. *Id.*

Thomas' brief claims that summary judgment was entered after incomplete discovery. *See* Br. for Appellant at 4, 19–21. His brief makes no mention, however, of the following: (1) the district court's order dated March 31, 1987 mandating that the case be ready for trial on February 15, 1988; (2) the absence of any request by Thomas to enlarge the time for discovery; (3) Digital's motion for summary was filed on June 10, 1988, almost four months *after* the case was to be ready for trial; (4) the filing of papers by Thomas in opposition to the motion for summary judgment which made no mention of the need for further discovery; and (5) the failure of Thomas' affidavit to request, pursuant to Fed.R. Civ.P. 56(f), further discovery before the court acted on Digital's motion. Thomas' brief on the matter of incomplete discovery and the premature granting of summary judgment is frivolous and contains misrepresentations and omissions. We, therefore, award Digital attorneys' fees and double costs. As in *Ortiz Villafane,* 797 F.2d at 2, these are to be paid by Thomas' attorneys personally since they wrote the brief.

### CONCLUSION

Thomas failed to produce evidence that he was treated disparately by Digital. The district court's award of summary judgment is, therefore, affirmed.

appeals, the court in its discretion may adjudge to the prevailing party just damages for his

Double costs and attorney's fees are assessed against Thomas' attorneys personally.

delay, and single or double costs."