**Astrid Chavez COLON, Plaintiff,**

v.

**The CHAIRMAN OF THE BOARD OF DIRECTORS OF F.D.I.C., Defendant.**

**Civ. No. 89–520 HL.**

United States District Court,
D. Puerto Rico.

Sept. 20, 1990.

John M. Garĉia, Garĉia & Fernandez, Hato Rey, P.R., for plaintiff.

Ingeborg G. Chaly, F.D.I.C., Washington, D.C., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff Astrid Chávez Colón ("Chávez"), a former employee of defendant Federal Deposit Insurance Corporation ("FDIC"), seeks money damages against the FDIC for alleged acts of discrimination based on national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e, *et seq.* This case came to a non-jury trial on September 5–6, 1990.

Upon careful consideration and assessment of the testimonial and documentary evidence presented at trial, this Court finds

that judgment should be entered in favor of defendant due to plaintiff's failure to clear the first hurdle of presenting sufficient evidence to establish a prima facie case of national origin discrimination.

Plaintiff Chávez is a native born Puerto Rican. Defendant FDIC is a government corporation organized and existing under and by virtue of an act of Congress, 12 U.S.C. sec. 1811, *et seq.* Plaintiff Chávez was employed by the FDIC from November 17, 1986 to January 15, 1988 as a bankruptcy attorney in the Consolidated Field Office in San Juan, Puerto Rico. She claims that she was discriminated against on the basis of her national origin in that she was assigned a lower starting grade level and corresponding salary than mainland attorneys who had similar qualifications. Plaintiff claims that during her initial interview, she was told that the position for which she was applying had a pre-set grade level of 11, regardless of plaintiff's qualifications. She discovered much later that this would have been contrary to proper government procedure; the position should have been open to a grade level of 9, 11, 12, or 13, as the maximum, depending upon the applicant's qualifications.

■ "The inquiry in a Title VII case is whether the defendant intentionally discriminated against the plaintiff." *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 106 (1st Cir.1988). A plaintiff in a Title VII suit, however, does not have to present direct proof of discriminatory motive to prevail, but must merely establish a prima facie case of discrimination by a preponderance of the evidence. *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Thomas v. Digital Equipment Corp.*, 880 F.2d 1486 (1st Cir.1989). Here, plaintiff Chávez must have established that: 1) she is within a class protected by Title VII; 2) she was qualified for an attorney position at a grade higher than the Grade 11 at which she was appointed; 3) despite her qualifications she was not appointed at a higher grade; and 4) persons not within the protected class, who had similar qualifica-

tions, were appointed at a higher grade. *See McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. at 1824; *Rossy v. Roche Products, Inc.*, 880 F.2d 621, 624 (1st Cir.1989).

■ Plaintiff Chávez failed to establish the above elements of a prima facie case in her claim that the FDIC discriminated against her during her initial hire at a Grade 11, Step 1. Although by her national origin she is a member of a protected group, inferences of discrimination will not be drawn merely from this fact. *Seymore v. Reader's Digest Association, Inc.*, 493 F.Supp. 257, 263 (S.D.N.Y.1980). In regards to the second element, she presented no factual evidence that she was qualified for an attorney position at a grade higher than Grade 11.

The FDIC set forth at trial the proper government procedure for assigning a grade level to newly hired attorneys. Once applicants are hired, they fill out a Standard Form 171 (SF–171), which is a sworn statement of their former work experience. This form is then sent to the FDIC's Washington, D.C. office for processing. Based solely on the information in the SF–171, a staffing specialist then performs a qualifications analysis which determines the grade level at which the applicant will be hired. *See Downey v. Isaac*, 622 F.Supp. 1125, 1128 (D.D.C.1985) (information supplied by applicant on SF–171 is the only record used to determine qualifications for posted positions).

Plaintiff alleges that this qualifications analysis procedure was not followed in regards to her appointment. Contrary to plaintiff's allegations, the weight of the evidence shows that the qualifications analysis was performed for Chávez. The FDIC presented as an expert witness Mr. James Seegers, who is their staffing specialist. Mr. Seegers' testimony that the qualifications analysis had been performed for plaintiff Chávez was supported by the evidence of Joint Exhibit No. 3. This exhibit is a Standard Form 50 entitled "Notification of Personnel Action" in regards to plaintiff Chávez. Mr. Seegers testified that this document can be prepared only if the employee had previously been subject-

ed to a qualifications analysis in Washington. This Court finds the testimony of the expert witness to be credible, and, as supported by documentary evidence, outweighs plaintiff's bald assertion to the contrary.

The qualifications analysis, based on the applicant's SF–171, is determined pursuant to the Federal Personnel Manual. The guidelines set forth in Subchapter 3 of the Federal Personnel Manual, "Hiring Pattern for Entry Level Attorney and Law Clerk Positions," and the official position classification standards for the General Attorney Series, GS–905, are used to qualify applicants for attorney positions. The Court is satisfied that the requisite qualifications to obtain a grade level 11 are academic honors in law school and one year of professional legal experience.

Looking at plaintiff's SF–171, her academic honors are apparent and undisputable. She graduated cum laude from the University of Puerto Rico School of Law. However, her legal work experience is at issue. It is clear that plaintiff worked as an attorney in a local firm for approximately six months before applying for the FDIC position. Prior to that she worked for the Puerto Rico Marine Management company ("PRMMI") for five years. The title of her position, according to her SF–171, was "corporate credit manager." Plaintiff described her duties as follows: "Responsible for formulating credit policies [sic] administer credit and collection activities. Collection strategy for legal action. Drafting agreements to secure debts. Supervise outside legal counsel and collection agencies." The issue then, is whether Chávez' five years of experience at PRMMI can be credited as pertinent legal work experience in her qualifications analysis.

Plaintiff testified at trial that she acted as a litigation supervisor and analyst for PRMMI, and, in essence, functioned as an in-house counsel. She feels that these responsibilities were clear from her SF–171, and that she should have been credited for this work experience. On cross-examination, however, she admitted that a legal degree was not a requisite of her job, that she never represented PRMMI in a legal capacity, that she reported to the corporate credit director, not an attorney, and that PRMMI did not have an in-house counsel department. Furthermore, the qualifications analyst expert witness testified that Chávez' job as a corporate credit manager could not be considered pertinent legal work experience. Based solely on plaintiff's own testimony, this Court agrees.

In sum, plaintiff's pertinent qualifications were graduating with honors, and six months of experience.[1] This Court concludes that, pursuant to Subchapter 3 of the Federal Personnel Manual, although plaintiff had less than one year of professional legal experience as an attorney, she did graduate with honors from law school and that qualified her as a Grade 11. Otherwise, plaintiff would only have been entitled to a Grade 9. Thus, contrary to plaintiff's allegations, she was not qualified for a grade higher than Grade 11. Plaintiff, then, has failed to establish the second element of her prima facie discrimination case. The third element, that despite her qualifications she was only hired at a Grade 11, obviously hinged on the second element, and thus was also not established. Even assuming as true plaintiff's assertion that she was told in her initial interview that the position carried a pre-set grade level 11, there was no discrimination because plaintiff was not qualified for a higher grade.

Although this Court could cease its analysis at this point, for the sake of clarity and thoroughness it will consider the fourth element of plaintiff's prima facie case, that mainland attorneys who were similarly qualified were hired at a higher grade level. At trial plaintiff identified approximately twenty mainland attorneys, who she claimed were comparably qualified, that were hired at higher grade levels.

1. Plaintiff testified at trial that she was an editor of the Law Review for two years, and although this was not reflected on her SF–171, her admissions interviewer was aware of it. We note that even assuming the FDIC was required to look beyond the SF–171, this additional honor would have not qualified Chávez for a higher grade.

However, upon closer analysis on cross-examination, it became evident that, according to their SF–171, every single mainland attorney identified by plaintiff had significantly more pertinent legal experience than plaintiff. (*See* plaintiff's Exhibit 9; defendant's Exhibits A–Z). Indeed, there were nine mainland non–Puerto Rican attorneys with between one to three years of experience, as compared to plaintiff's six months, who were all hired at the same grade as plaintiff.[2] And those hired at a higher grade had from a minimum of more than twice the experience to over eighteen years of experience.[3] Plaintiff Chávez failed to establish any evidence that similarly situated mainland attorneys were hired at higher grade levels.

Capsulizing, plaintiff Chávez failed to make out even a prima facie case of national origin discrimination.

WHEREFORE, this Court finds in favor of the defendant FDIC and against plaintiff Chávez; judgment will be entered accordingly.

IT IS SO ORDERED.

**2.** For example, looking at plaintiff's Exhibit 9, which is a chart setting out the qualifications of mainland attorneys hired by the FDIC between January 1, 1985 and January 31, 1987, Mary Cofran graduated with honors and had two years of experience as a judicial clerk; she was hired at Grade 11. Anna Marie Hoffman graduated with honors and had two years of experience in a law firm; she was hired at Grade 11. Louis Di Pietro graduated with minor honors and had three years of experience in a law firm; he was hired at Grade 11.

**3.** Again looking at plaintiff's exhibit 9, to cite a few examples, Donald Allen graduated with honors and had four years of experience in private practice; he was hired at Grade 12. Gary Lyon graduated with honors and had three years of experience in private practice; he was hired at Grade 12. David McMillan graduated summa cum laude and had thirteen years of experience in law firms and as bank counsel; he was hired at Grade 13.