[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] 
United States Court of Appeals
For the First Circuit

No. 99-1486

BEAL BANK S.S.B., F/K/A BEAL BANC S.A.,

Plaintiff, Appellant,

v.

RICHARD H. KROCK,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Torruella, Chief Judge,
Lynch and Lipez, Circuit Judges.

David D. Pavek, Pavek & Associates, William V. Sopp, and
Finnegan, Hickey, Dinsmoor & Johnson on brief for appellant.
Alan M. Spiro and Edwards & Angell, LLP on brief for
appellee.

January 3, 2000

LYNCH, Circuit Judge. Beal Bank sued Richard Krock on a
note with a face amount of $350,000. The district court entered
judgment for Krock, finding Beal Bank had orally modified the note
and that Krock owed nothing. On appeal, this court affirmed the
court's holding that there was an agreed-upon oral modification of
the original contract and remanded for a calculation of the proper
amount owed. See Beal Bank S.S.B. v. Krock, 187 F.3d 621 (1st Cir.
1998) (unpublished table decision). On remand, the district court
recalculated the amount and found again that Krock owed nothing to
the Bank. The Bank appeals.
The property secured by the note was sold for $1,505,000,
which, according to the oral modification of the agreement, meant
that $403,333.33 would be applied as an offset to Krock's debt. The
Bank's position is that Krock owed $432,020.39 under the note. That
amount is the undisputed note amount of $381,888.88 (the $350,000
principal plus 8% "contract rate" interest), plus 13% "default
rate" interest after Krock's default in paying the November 1, 1994
installment, plus a sum for late charges of 5% due on the past-due
installment and accelerated balance. Accordingly, the Bank says
that, after the offset, Krock still owes it monies.
Krock argues that because the Bank never gave written
notice of a default or opportunity to cure, as required by the
note, the note was not accelerated nor was default interest rate
triggered. Krock says that the Bank cannot claim default because
the parties orally modified their agreement and the Bank agreed to
take no further action until the sale. Accordingly, Krock says, the
interest rate remained at 8%, not 13%, and no late charge can be
imposed. Krock says that the amount owed under the note at the
contract interest rate was $399,710.43, which is less than the
offset amount. The district court agreed with Krock and, so, found
no money was due.
Beal Bank erroneously argues it is entitled to de novo
review of the district court's decision. Barring this, it says that
the findings of fact made by the district court are clearly
erroneous. The district court's decision is based on findings of
fact and we review them under a clearly erroneous standard. See
Fleet Nat'l Bank v. H & D Entertainment, Inc., 96 F.3d 532, 540
(1st Cir. 1996).
The Bank argues there is no notice or opportunity to cure
requirement because the note says that in event of default, the
note becomes immediately payable without notice or demand. The Bank
selectively quotes from the note in making this argument: it does
not quote from the language of the note concerning default, but
rather from the language concerning covenants. The covenant
language, however, is inapt because the default alleged by the Bank
is Krock's failure to make the November 1, 1994 payment, an event
covered by an earlier portion of the agreement.
Even if notice were required, the Bank says that Krock
had actual notice because Krock's counsel acknowledged, in a letter
of November 10, 1994, that Krock was aware of his default. Because
Krock was so aware, the Bank argues that the purpose, under
Massachusetts law, for having notice requirements -- so individuals
can protect their interests in real property -- was essentially
served here. In any event, Beal Bank says, it was not open to the
district court on remand to determine that there was no default.
Krock replies that Beal Bank has misled the court by
failing to inform us of two key phrases in the note. Those phrases
are:
Following the occurrence and continuation beyond the
applicable cure period of an "Event of Default" as
defined herein . . . . 

and one of the definitions of "Event of Default": 

[a failure] to pay any . . . obligation . . . when such
payment is due, which failure remains uncured after five
(5) days after written notice thereof . . . .

Thus, Krock says that there was a notice requirement under the
note, that the Bank admits it did not give notice, and that, in any
event, the oral modification meant there was no default and the
Bank was not entitled to accelerate the note balance. An event of
default triggers acceleration, at the holder's option, but both the
note and Massachusetts law require written notice first. See Clark
v. Trumble, 692 N.E.2d 74, 79 (Mass. App. Ct. 1998).
The trial judge's findings of fact are supported and are
certainly not clearly erroneous. The district court found there was
no event of default because the Bank agreed orally to take no
further action until the property was sold. Even if there had been
an event of default, the note contains a requirement of notice and
the opportunity to cure before the debt could be accelerated. The
Bank does not dispute that it did not give notice or an opportunity
to cure, and so neither the default interest rate nor acceleration
were triggered. Nothing in this court's earlier opinion precluded
the district court from making these determinations.
We affirm the decision of the district court. 
Counsel for the Bank are required to show cause within
ten days of the date of this opinion why they should not be
required personally to pay an award to Krock of his attorney's fees
for this appeal and double his costs of appeal because of their
misrepresentation to this court of the pertinent language of the
note. See 28 U.S.C. 1912; Fed. R. App. P. 38; Thomas v. Digital
Equip. Corp., 880 F.2d 1486, 1491 (1st Cir. 1989).