# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.
Clerk

Elisabeth A. Shumaker
Chief Deputy Clerk

June 9, 1997

**TO:** All recipients of the captioned opinion

**RE:** 95-2262
February 13, 1997

Please be advised of the following correction to the captioned decision:

Due to formatting problems, the footnote on the June 6, 1997 order granting the motion to publish moved to the first page of the opinion. The corrected version of page one of the opinion is attached for your convenience.

Very truly yours,

Patrick Fisher, Clerk

Susie Tidwell
Deputy Clerk

encl.

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEONARD J. GONZAGOWSKI,

Plaintiff - Appellant,

v.

SHEILA E. WIDNALL, Secretary of the
United States Department of the Air Force,

Defendant - Appellee.

No. 95-2262

ORDER

Filed June 6, 1997

Before BRORBY, RONEY*, and LOGAN, Circuit Judges.

On consideration of the appellee's motion to publish the decision filed February

13, 1997, the motion is granted.

Entered for the Court
PATRICK FISHER, Clerk of Court

*Honorable Paul H. Roney, Senior Circuit Judge, United States Court of Appeals
for the Eleventh Circuit, sitting by designation.

**F I L E D**
**United States Court of Appeals**

**FEB 13, 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| LEONARD J. GONZAGOWSKI, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) No. 95-2262 |
| SHEILA E. WIDNALL, Secretary of the | ) |
| United States Department of the Air Force, | ) |
| | ) |
| Defendant-Appellee. | ) |

_____

Appel from the United States District Court
for the District of New Mexico
No. CIV 94-0016 MV/LFG

_____

E. Justin Pennington and Loretta F. Medina, Albuquerque, New Mexico, for Plaintiff-Appellant.

John J. Kelly, U. S. Attorney; Marilyn Hutton, Asst. U. S. Attorney for Albuquerque, New Mexico; and Bernard Doyle, U. S. Air Force, Arlington, Virginia, for Defendant-Appellee.

_____

Before **BRORBY, LOGAN**, and **RONEY**[*], Circuit Judges.

_____

RONEY, Senior Circuit Judge.

_____

[*]     The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

Leonard J. Gonzagowski sued his former employer, the United States Department of the Air Force, basically claiming that he was issued an unacceptable performance rating and discharged in violation of both the Age Discrimination in Employment Act of 1967[1] and the Rehabilitation Act of 1993[2] in retaliation against him for filing complaints of discrimination. We affirm the summary judgment entered in favor of the Air Force on all claims. The Rehabilitation Act claim fails because Gonzagowski has not produced evidence that he was a qualified individual with a disability within the meaning of the Act. The age discrimination and retaliation claims fail because Gonzagowski has not produced evidence that his termination for poor job performance was based in part on discriminatory or retaliatory motives.

In 1983, at age 48, Gonzagowski began working as a civilian computer specialist at an Air Force base. During his employment, he primarily worked as a programmer on a mainframe computer using the COBOL computer language. In 1990, Alex Fajardo, a 52-year-old fellow computer specialist, was promoted to the position of Gonzagowski's supervisor. Gonzagowski began having problems working with Fajardo in 1991. In the Spring of 1992, Gonzagowski encountered difficulty in completing a project involving the application of a new system, Dbase IV. In August 1992, Gonzagowski was given a

---

[1]      29 U.S.C. §§ 621 *et seq.*

[2]      29 U.S.C. §§ 701 *et seq.*

performance appraisal by Fajardo, that rated him "fully successful," but with appraisal scores lower than those received by him in prior appraisals.

Following his lowered appraisal scores, Gonzagowski began experiencing anxiety and stomach pain, which was diagnosed as anxiety disorder. Gonzagowski was absent from work on sick leave from September 17, 1992, to December 7, 1992. Upon recommendation of his psychologist, Gonzagowski was reassigned to a different direct supervisor upon his return, but ultimately learned that Fajardo was still assigning and reviewing his projects. Between December 7, 1992, and January 26, 1993, Gonzagowski received five Dbase IV programming assignments and completed only one within the established deadline. In February 1993, Gonzagowski received a Notice of Performance Deficiencies and an unacceptable overall performance appraisal from his direct supervisor. Gonzagowski was discharged on August 6, 1993, for alleged unacceptable performance.

## I. REHABILITATION ACT CLAIM

The Rehabilitation Act prohibits discrimination against disabled persons who are otherwise "qualified individuals" for employment by programs receiving federal financial assistance. 29 U.S.C. § 794(a). Gonzagowski, a computer programmer, alleged two disabilities: (1) hearing loss, and (2) an anxiety disorder that arose from conflicts with his supervisor and poor performance reviews.

3

The district court correctly ruled that Gonzagowski's claim for discrimination based upon his hearing loss could not survive summary judgment. While it is undisputed that Gonzagowski suffers from a hearing disability, Gonzagowski has admitted that his hearing loss did not affect his ability to perform and has not presented any evidence that his negative performance appraisals or termination were motivated by his hearing disability.

Gonzagowski's Rehabilitation Act claim based on the alleged disability of anxiety disorder requires closer examination. Under the Rehabilitation Act, a disability is defined as one that substantially limits one or more major life activities. 29 U.S.C. § 706(8)(b). The district court observed that Gonzagowski's mental impairment seems to be limited to and arise out of a specific stressful work situation. An impairment of such narrow scope does not qualify as a disability. *See* 29 C.F.R. § 1630.2(j)(3)(i) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working"); *Weiler v. Household Finance Corp.*, 101 F.3d 519 (7th Cir. 1996) (exclusion from position of employment does not constitute a substantial limitation of a major life activity).

Gonzagowski argues the broader proposition, however, that he was unable to perform various jobs involving a substantial amount of stress and criticism. For the purposes of this decision, the Court will assume without deciding that the anxiety disorder alleged by Gonzagowski is a disability under the Rehabilitation Act. To determine the validity of a disability discrimination claim under this Act, courts now follow the standards provided for claims under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et*

4

*seq.*, and the regulations of the Equal Employment Opportunity Commission issued to implement that Act. *See* 29 U.S.C. § 793(d); 29 C.F.R. Pt. 1630; *Bolton v. Scrivner*, 36 F.3d 939, 942 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1104 (1995).

The inquiry is twofold: *first*, does the claimant have a disability within the meaning of the act, and *second*, is the person "otherwise qualified" for the employment sought. We hold that the plaintiff here loses on the "otherwise qualified" inquiry. Since claims of anxiety disorder and related conditions are now occurring frequently under both acts,[3] the determination of the extent to which the Act covers employment generated anxiety disorders we leave for another day, when the decision will be critical to the outcome of the case.

---

[3] *See, e.g., Marino v. United States Postal Service*, 25 F.3d 1037 (1st Cir. 1994) (assuming without deciding that Vietnam veteran suffering anxiety neurosis was handicapped individual under the Rehabilitation Act, but holding not entitled as reasonable accommodation to protection from stress-producing situations at work); *Taylor v. Principal Financial Group*, 93 F.3d 155 (5th Cir.), (affirming summary judgment against ADA plaintiff whose only evidence was that he had told employer that he was diagnosed with anxiety and bipolar disorders; incumbent upon ADA plaintiff to assert not only disability but also any limitation resulting therefrom), *cert. denied,* 117 S.Ct. 586 (1996); *Pesterfield v. Tennessee Valley Authority*, 941 F.2d 437 (6th Cir. 1991) (while plaintiff who becomes extremely anxious and depressed at the slightest hint of rejection or criticism is handicapped, it would be unreasonable to require employer to place plaintiff in a virtually stress-free environment); *Weiler v. Household Finance Corp.*, 101 F.3d 519 (7th Cir. 1996) (major life activity of working is not substantially limited for purposes of defining disability under the ADA if plaintiff merely cannot work under certain supervisor because of anxiety and stress related to supervisor's review of plaintiff's job performance).

A. "OTHERWISE QUALIFIED" INQUIRY

To determine if a person with a disability is "otherwise qualified" for employment, we look to whether or not a reasonable accommodation would enable the person to perform the job. There are two components to the reasonable accommodation analysis. *First*, whether a reasonable accommodation would enable the employee to do the particular job. Additional training might be a reasonable accommodation for this purpose. *Second*, whether the employee could be transferred to other work which could be done with or without accommodation. *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

*1. Existing job accommodation and training*

The district court correctly concluded that Gonzagowski could not perform his existing job and the accommodation he sought for that job was unreasonable.

Gonzagowski's anxiety apparently arose from his relationship with his supervisor, Fajardo, and his inability to perform under changing conditions. It is undisputed that Gonzagowski had ceased to adequately perform the essential functions of his computer specialist job once the programming language changed. His psychologist recommended a work environment with less stress and criticism. While specific stressors in a work environment may in some cases be legitimate targets of accommodation, it is unreasonable to require an employer to create a work environment free of stress and criticism. *See Pesterfield v. Tennessee Valley Authority*, 941 F.2d 437, 442 (6th Cir. 1991).

6

As to additional training, Gonzagowski initially received the same Dbase training as other programmers and eventually received some additional training and assistance. He does not establish how more extensive Dbase training would have accommodated his anxiety. The Rehabilitation Act does not grant relief to one who is incapable of doing a job even with additional training.

2.      *Transfer as accommodation*

Prior to 1992, under the Rehabilitation Act, employers were "not required to find another job for an employee who [was] not qualified for the job he or she [was] doing." *School Board of Nassau County v. Arline*, 480 U.S. 273, 289 n.19 (1987). When Congress extended the protections disabled federal employees had enjoyed under the Rehabilitation Act to non-federal employees with the 1990 Americans with Disabilities Act (ADA), it added reassignment as an express option to non-federal employees in ADA cases. *See* 42 U.S.C. § 12111(9)(B) (reasonable accommodation may include reassignment to a vacant position). In 1992, Congress amended the Rehabilitation Act to conform to those additional ADA standards. Ultimately, the Code of Federal Regulations was amended effective October 31, 1992, to explicitly provide that a federal employer must attempt reassignment when a handicapped employee cannot be reasonably accommodated to perform the essential functions his existing job:

> When a nonprobationary employee becomes unable to perform the essential functions of his or her position even with reasonable accommodation due to a handicap, <u>an agency shall offer to reassign the individual to a funded vacant position</u> located in the same commuting area and serviced by the same

7

appointing authority, and at the same grade or level, the essential functions of which the individual would be able to perform with reasonable accommodation if necessary unless the agency can demonstrate that the reassignment would impose an undue hardship on the operation of its program. <u>In the absence of a position at the same grade or level, an offer of reassignment to a vacant position at the highest available grade or level below the employee's current grade or level shall be required</u>, but availability of such a vacancy shall not affect the employee's entitlement, if any, to disability retirement pursuant to 5 U.S.C. 8337 or 5 U.S.C. 8451. . . .

29 C.F.R. § 1614.203(g) (emphasis added).

This section imposes an obligation on the federal employer to offer reassignment, unless the employer has already posted the position as available:

If the agency has already posted a notice or announcement seeking applications for a specific vacant position at the time the agency has determined that the nonprobationary employee is unable to perform the essential functions of his or her position even with reasonable accommodation, then the agency does not have an obligation under this section to offer to reassign the individual to that position, but the agency must consider the individual on an equal basis with those who applied for the position. . . .

29 C.F.R. § 1614.203(g). If the available position has already been posted, then the employer must consider the employee for that position without discrimination.

Gonzagowski claims that the Air Force should have reassigned him to a vacant position as a computer operator. As evidence of the existence of a vacant computer operator position, Gonzagowski refers to a letter to him from the Air Force, dated three days prior to his termination, entitled "Settlement Agreement." This letter offered a temporary reassignment to a computer operator position in lieu of his impending discharge in exchange

8

for Gonzagowski releasing the Air Force from all pending and future claims arising from the alleged discrimination.

The Air Force argues the settlement agreement to be inadmissible under Federal Rule of Evidence 408, which deems offers of settlement in exchange for valuable consideration inadmissible. Regardless of the 408 issue, however, the letter alone does not establish that a computer operator position was vacant at the time. Gonzagowski never specifically requested to be assigned to an open computer operator position, and there is no evidence such a position was open.

## II. ADEA CLAIM

To establish an age discrimination claim, Gonzagowski must first establish a *prima facie* case that (1) he was within the protected age group; (2) he was doing satisfactory work; (3) he was discharged; and (4) his position was filled by a younger person, *E.E.O.C. v. Sperry*, 852 F.2d 503, 507 (10th Cir. 1988), or he was treated less favorably than younger employees, *Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1454 (10th Cir. 1994). Gonzagowski satisfied this initial burden of establishing a *prima facie* case for the purposes of summary judgment.

The burden then shifted to the defendant to "articulate some legitimate nondiscriminatory reason" for its employment action. *McDonnell Douglas v. Green*, 411

9

U.S. 792 (1973). The Air Force has satisfied this burden because it is undisputed that Gonzagowski was performing poorly at the time of his termination.

This being a legitimate nondiscriminatory reason for discharge, the plaintiff had to offer evidence that age was nonetheless a motivating factor in the termination. *See Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); 42 U.S.C. § 2000e-2(m). Gonzagowski did not present sufficient evidence of direct age discrimination or that age was the determining factor in his lowered performance appraisals or termination to create an issue of fact. The district court correctly entered summary judgment for the Air Force on the ADEA claim.

## III. RETALIATION CLAIM

In September 1992, Gonzagowski filed a formal EEOC complaint alleging discrimination against him based upon his race (Caucasian), age (56), and physical handicap (hearing loss). On October 15, 1992, Gonzagowski filed his second EEOC complaint alleging reprisal for his first complaint. Gonzagowski filed his third formal EEOC complaint in April 1993, alleging reprisal for his prior two complaints.

Gonzagowski's retaliatory discharge claim is governed by a *McDonnell-Douglas* burden-shifting analysis similar to the analysis of his ADEA age discrimination claim. While he may establish an inference of retaliatory motive because his termination was close in time to the filing of his E.E.O.C. complaints, *see Burrus v. United Tele. Co. of Kansas*, 683 F.2d 339, 343 (10th Cir. 1982), *cert. denied*, 459 U.S. 1071, he does not rebut the Air Force's

evidence of Gonzagowski's poor performance as the nondiscriminatory reason for his firing. Gonzagowski does not present any direct evidence of retaliatory animus or circumstantial evidence which adequately demonstrates that an improper motive was a substantial motivation in the employer's decision. *See Kenworthy v. Conoco, Inc.*, 979 F.2d 1462 (10th Cir. 1992). The district court correctly entered summary judgment for the Air Force on the retaliation claim.

**AFFIRMED.**