**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LINDA YOUNG,

      Plaintiff - Appellant,

v.

COBE LABORATORIES, INC.,

      Defendant - Appellee.

No. 97-1132
(D.C. No. 95-K-2365)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY** and **HENRY**, Circuit Judges, and **BRETT**,[**] District Judge.

---

Plaintiff-Appellant, Linda Young ("Young"), alleges that her former employer, Cobe

Laboratories, Inc. ("Cobe"), terminated her employment on September 9, 1994, in violation

of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq.

(ADEA), and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

[**]Honorable Thomas R. Brett, District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

seq. The district court entered summary judgment for the defendant on all claims.[1] Plaintiff appeals the order of summary judgment. We exercise jurisdiction under 28 U.S.C. §1291, and affirm the trial court.

## I. Background

Young, a female, 53 years of age, was a senior technician at Cobe, commencing employment in 1970. As a senior technician, Young's job duties included inspections of incoming materials, auditing material suppliers at their sites, software programming and training, and production line activities.

In their performance reviews from 1987 through 1991, Young's various supervisors noted several areas needing improvement in Young's job performance; for example, needs to be "more complete in [documentation] to avoid sources of error" and to "be better at analysis of floor reject trends and re-act [sic] before line shut down" (July 7, 1987 performance review by supervisor David W. Barnes); to improve in reference to "project completion" (July 11, 1988 performance evaluation by supervisor David W. Barnes); to "display more T-16 [team] leadership" (February 2, 1989 performance evaluation by supervisor David W. Barnes); performance "under the current operating mode performance

---

[1] The district court referred the case to the magistrate judge for a recommendation. On August 12, 1996, the magistrate judge filed his recommendation in support of sustaining defendant's motion for summary judgment. On March 28, 1997, following a de novo review, the district court entered an order with comments, adopting the magistrate judge's recommendation and granted summary judgment to the defendant.

is acceptable but below acceptable on new direction for the operating team"(June 23, 1989 performance evaluation by supervisor David W. Barnes); "needs broader understanding of how a part functions on machine" (January 8, 1990 performance evaluation by supervisor Patti Hayes); "[b]rings us issues but needs to offer solutions," "needs to offer solutions and take leadership," and needs to improve "organization of time/work area;" (July 9, 1990 performance evaluation by supervisor Patti Hayes); "closer attention to documentation," "being more assertive,"and "use criticism (ideas) to change rather than complain" (July 1991 performance evaluation by supervisor Patti Hayes).

Starting in 1992, and continuing until September 1994, Young's then supervisor, Bill Myers ("Myers") addressed many of these same performance issues with her. Throughout 1993 and 1994, Myers met with Young and Karen Kalina ("Kalina"), Cobe's Human Resources Director, on several occasions to discuss Young's performance deficiencies. Occasionally, the department manager, Danny Wong ("Wong") would be involved in these counseling sessions. Specific issues discussed with Young in these counseling sessions included her failure to follow through and keep Myers informed on the status and resolution of issues, her poor work habits, errors, and low quantity of lots inspected. Young was characterized as displaying a "can't do" attitude in these sessions.

Over this two year period of counseling, Young would occasionally demonstrate some improvement, but the improvement would not be sustained. After several warnings of corrective action if Young's performance did not improve, Myers issued a Corrective Action

to Young on December 1, 1993 (effective through January 12, 1994), summarizing the company's expectations and warning of possible termination if these expectations were not met. On January 11, 1994, Myers confirmed that Young had shown improvement and ended the Corrective Action on January 12, 1994. However, Young's improved job performance was short-lived. On June 17, 1994, Myers again placed Young on corrective action for failing to follow-up and complete work, failing to pay attention to details, and her poor attitude. This second Corrective Action was effective through August 15, 1994, and admonished Young that failure to reach and sustain expectations "will result in immediate termination of employment." On August 1, 1994, Myers informed Young that her performance in three of the four corrective action areas was still unsatisfactory. Myers agreed to extend the corrective action date to August 26, 1994, but reminded Young of the consequence of continued poor performance.

After Young received this last warning, she complained to her superiors that she had been discriminated against based on her gender. In her meeting with Human Resource Director Kalina concerning this charge, Young admitted that she knew the second corrective action was coming to a close and she "thought it was over" for her at Cobe. Because Young raised the issue of gender discrimination, her termination was put on hold pending an investigation of the charge. Following the investigation, when Young was informed no evidence of discrimination had been uncovered, she said: "Maybe I don't mean

discrimination, maybe it's harassment." Young was terminated on September 9, 1994, pursuant to Cobe's Corrective Action Policy and Guidelines.

Young brought the instant action alleging gender discrimination and retaliation in violation of Title VII and age discrimination in violation of the ADEA.

## II. Standard of Review

We review the district court's grant of summary judgment de novo, applying the same standard employed by the district court. Bohn v. Park City Group, Inc., 94 F.3d 1457, 1460 (10th Cir. 1996). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Williams v. Widnall, 79 F.3d 1003, 1005 (10th Cir. 1996). The moving party has the initial burden of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the party opposing a properly supported motion for summary judgment must offer evidence, in admissible form, of specific facts sufficient to raise a genuine issue for trial as to the elements of the non-moving party's case. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Thus, to defeat a summary judgment motion, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586.

In applying this standard, we must "examine the factual record and reasonable inferences therefrom in the light most favorable to the non-moving/opposing party." Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 851 (10th Cir. 1996). If no dispute exists concerning a genuine issue of material fact, we then determine whether the district court correctly applied the substantive law. Peck v. Horrocks Engineers, Inc., 106 F.3d 949, 951 (10th Cir. 1997).

## III. Analysis

The three-pronged burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), applies to Young's claims of age discrimination, gender discrimination, and retaliation. Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 529 (10th Cir. 1994) (age discrimination); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981) (gender discrimination), and Sauers v. Salt Lake County, 1 F.3d 1122, 1128 (10th Cir. 1993) (retaliation). Pursuant to this analysis, plaintiff initially must establish a prima facie case of discrimination or retaliation by a preponderance of the evidence. Cone, 14 F.3d at 529. If the plaintiff establishes a prima facie case, then a presumption of discrimination or retaliation arises, and the burden shifts to the employer to rebut this presumption by producing evidence the plaintiff was terminated for legitimate nondiscriminatory or nonretaliatory reasons. McDonnell Douglas, 411 U.S. at 802-03; Cone, 14 F.3d at 529. An employer carries its burden by raising a genuine issue of fact concerning whether it discriminated or retaliated against plaintiff. Burdine, 450 U.S. at 254-55; Faulkner

-6-

v. Super Valu Stores, Inc., 3 F.3d 1419, 1425 (10th Cir. 1993). If the employer articulates a legitimate reason for the employee action, the presumption of discrimination or retaliation is rebutted, and the burden then shifts to plaintiff to prove a discriminatory or retaliatory reason more likely motivated the employer or the employer's proffered reason is pretextual. McDonnell Douglas, 411 U.S. at 804; Burdine, 450 U.S. at 256; Faulkner, 3 F.3d at 1425; Cone, 14 F.3d at 529. If the plaintiff fails to come forward with evidence of pretext, the employer is entitled to a judgment. Cone, 14 F.3d at 529. Thus, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated [or retaliated] against the plaintiff remains at all times with the plaintiff." Burdine, 450 U.S. at 253; St. Mary's Honor Center v. Hicks, 509 U.S. 502, 518 (1993).

A.     ADEA Claim

Young claims that Cobe terminated her in violation of the ADEA. To establish a prima facie claim of age discrimination under the ADEA the plaintiff must show that (1) she was within the protected age group at the time of her discharge; (2) she was doing satisfactory work; (3) she was discharged; and (4) her position was filled by a younger person or she was treated less favorably than younger employees. See Gonzagowski v. Widnall, 115 F.3d 744, 749 (10th Cir. 1997). Young meets the first and third requirements as she was 53 years old when she was discharged. See 29 U.S.C. §631(a) (extending protection of ADEA to individuals who are at least 40 years of age). However, she fails to meet the second and fourth elements of her prima facie case.

The documentary evidence in this case refutes Young's assertion that her job performance was satisfactory. The record is replete with sustained criticism of Young's negative attitude and deficient job performance. Further, Young has not established that her position was filled by a younger person or that she was treated less favorably than younger employees. Young identifies Paul Fells, who was born on December 7, 1940 and therefore is older than Young, as her replacement. The record also reveals that most of Young's counterparts in her department were similar in age to Young. The average age for T-16 technicians was 50.92 years prior to Young's termination, and 50.27 years following her termination.

The conclusory statements in Young's affidavit and those of select co-workers attesting to her satisfactory job performance do not raise a genuine issue of material fact as to the second and fourth elements of her prima facie claim of age discrimination. Nor are the affidavits sufficient to create a factual issue regarding pretext. Cobe met its burden to show that Young was discharged for failure to improve in her job performance. Young's conclusory statements to the contrary fail to raise a fact question that Cobe's explanation for her discharge is a pretext for age discrimination. A general dispute concerning plaintiff's job performance is not sufficient to establish pretext. Fallis v. Kerr-McGee Corp., 944 F.2d 743, 747 (10th Cir. 1991). This court has previously stated its "view is that a plaintiff cannot prevail by merely challenging in general terms the accuracy of a performance evaluation which the employer relied on in making an employment decision without any additional

evidence (over and above that of the prima facie case) of age discrimination." Id. See also, Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988) (concluding assertion that plaintiff was more qualified than employees who were retained is insufficient to permit finding of pretext). Therefore, plaintiff's conclusory statements and those of her co-workers regarding her performance, without more, are insufficient to permit a finding of pretext. Fallis, 944 F.2d at 747. See also, Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1124 (7th Cir. 1994) ("[M]ere submission of materials from a co-worker or supervisor indicating that an employee's performance is satisfactory ... does not create a material issue of fact.").

Thus, we agree with the district court's holding that there is no genuine issue of material fact as to Young's ADEA claim and affirm the grant of summary judgment in favor of Cobe on that claim.

B.      The Gender-Based Discrimination Claim

In order to establish a prima facie case of gender discrimination plaintiff must establish that (1) she belonged to the protected class; (2) she was doing satisfactory work; (3) she was adversely affected by the employer's decision; and (4) she was treated less favorably than her male counterparts. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Cole v. Ruidoso Mun. Schools, 43 F.3d 1373, 1380 (10th Cir. 1994). While Young satisfies criteria (1) and (3), she has failed to establish that she can satisfy elements (2) and (4). As stated above, the evidence shows Young was not doing satisfactory work. Further, she has failed to establish she was treated less favorably than her

male counterparts. The record reflects that within the fourteen months preceding her dismissal, two males had also been terminated for unsatisfactory performance. Moreover, plaintiff has not sustained her burden of establishing that the stated reason for her discharge, a history of poor performance and failure to improve, is pretextual. Young simply asserts that her adverse treatment was the effect of a discriminatory animus in that Wong, the department manager, was Chinese and Young believed that Chinese men thought women should be subservient.

We, therefore, agree with the district court's grant of summary judgment on the alleged gender discrimination claim.

C.     Retaliation

In order to establish a prima facie case of retaliation plaintiff must establish that (1) she engaged in protected opposition to Title VII discrimination; (2) adverse employment action was taken against her subsequent to or contemporaneously with the protected activity; and (3) a causal connection exists between the protected activity and the adverse employment action. Murray v. City of Sapulpa, 45 F.3d 1417, 1420 (10th Cir. 1995); Richmond v. ONEOK, Inc., 120 F.3d 205, 208-09 (10th Cir. 1997); Archuleta v. Colorado Dept. of Institutions, Div. of Youth Services, 936 F.2d 483, 486 (10th Cir. 1991).

In support of her retaliation claim, Young points to the temporal proximity of her complaint of gender discrimination and her subsequent discharge. We have recognized that "protected conduct closely followed by adverse action may justify an inference of retaliatory

motive." Marx v. Schnuck Markets, Inc., 76 F.3d 324, 329 (10th Cir.1996). Young asserts that she complained of gender discrimination approximately a week or a week and a half before her termination on September 9, 1994. Although this short period of time may justify an inference of retaliatory motive to establish a prima facie case, Young has failed to raise a genuine issue of material fact to rebut Cobe's evidence of a non-retaliatory reason for terminating her. Conner v. Schnuck Markets, Inc., 121 F.3d 1390, 1395-96 (10th Cir.1997).

Each case turns on its facts; and in this case, we believe that Young has failed to produce sufficient evidence of retaliatory motive or pretext. Id. at 1398. Young made her first claim of gender discrimination after she was placed on corrective action the second time and was aware that her job was in jeopardy and she was likely to be terminated. Young's claim of pretext and "suspicion of mendacity" is centered in the general conclusory statements of her affidavit and affidavits of fellow employees; she ignores and fails to address the specific performance deficiencies over the years which are documented in the record. Young has not come forward with sufficient evidence to establish that Cobe's stated reasons for her termination were a pretext for discrimination. Accordingly, the district court properly granted summary judgment in favor of defendant on this claim.

Thus, for the reasons stated above, we affirm the district court's entry of summary judgment for the defendant on plaintiff's ADEA claim, Title VII gender-based discrimination claim, and her claim of retaliatory discharge.

IV. Sanctions Request

-11-

Cobe seeks sanctions against plaintiff-appellant's counsel for repeatedly misquoting and misrepresenting the evidence and witnesses' record testimony. See Fed.R.App.P. 46 and 10th Cir.R. 46.5. The court has thoroughly reviewed the record and briefs and concludes plaintiff-appellant's counsel did misstate the record in both his brief and oral argument in an attempt to mislead the court. For example, at the oral argument before this panel, counsel was specifically asked if Young received negative performance reviews from 1989 through 1993. Counsel's answer, "No", is clearly contrary to the record. This same pattern of misrepresenting the record runs throughout plaintiff-appellant's briefs. Appellant's appellate briefs contain many assertions of fact unsupported by the record and at times contrary to the record. Plaintiff-appellant's counsel often lifts evidentiary matter out of context, thus not portraying the complete picture. Also, appellant relies on her self-serving affidavit filed after her sworn deposition. The affidavit is often at material factual variance with her prior deposition testimony.[2]

With regret but with conviction we conclude plaintiff's counsel has thereby violated 10th Cir.R. 46.5, and an appropriate sanction is authorized under Fed.R.App.P. 46(c). See Thomas v. Digital Equipment Corp., 880 F.2d 1486, 1490-91 (1st Cir. 1989), and Holcomb v. Colony Bay Coal Co., 852 F.2d 792, 796-97 (4th Cir. 1988). Plaintiff's counsel's conduct

_____

[2] Young cannot rely on statements in her affidavit which are contrary to her earlier sworn deposition to create a sham fact issue. Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986), and Gregg v. American Quasar Petroleum Company, 840 F.Supp. 1394, 1398-99 (D.Colo. 1991).

exceeds the bounds of zealous advocacy. It amounts to abusive litigation tactics unnecessarily increasing the cost and expense to both parties and the judicial system. As an appropriate sanction the court directs plaintiff-appellant's counsel, John R. Olsen, personally, to pay the sum of Five Hundred Dollars ($500.00), to the registry of the clerk of this court within thirty days from this date.

Entered for the Court

Thomas R. Brett
Senior United States District Judge

-13-