**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 40**

Docket No. SF-0752-12-0675-I-1

**Marilee Brown,**

**Appellant,**

**v.**

**Department of the Interior,**

**Agency.**

June 4, 2014

Michael T. Pritchard, Esquire, Fairfax, Virginia, for the appellant.

Kevin D. Mack, Esquire, Sacramento, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1    The agency has filed a petition for review, and the appellant has filed a cross-petition for review, of the initial decision, which sustained the agency's charge but mitigated the penalty of removal to a demotion. For the foregoing reasons, we GRANT the agency's petition for review, DENY the appellant's cross-petition for review, and AFFIRM the portion of the initial decision that (1) sustained the agency's charge of physical inability to perform the essential functions of a Criminal Investigator (Special Agent) position, (2) found that the appellant failed to establish her affirmative defenses of disability discrimination and retaliation based on her prior equal employment opportunity (EEO) activity,

and (3) found no harmful procedural error. We REVERSE the administrative judge's decision to mitigate the penalty.

## BACKGROUND

¶2　　　The appellant was a GS-12 Criminal Investigator (Special Agent) with the U.S. Fish and Wildlife Service (FWS) in Sacramento, California. Initial Appeal File (IAF), Tab 9, Subtab 4c at 1. As a Special Agent, the appellant occupied a law enforcement position and was required to meet physical standards set by the agency for the position. *Id.*, Subtab 4c at 1-2, 7, Subtab 4s at 3. The appellant was also required to participate in annual medical examinations. Hearing Transcript (HT), Volume 2 at 93.

¶3　　　The appellant sustained a back injury in 2005, for which she filed an Office of Workers' Compensation Programs (OWCP) claim, and again injured her back in 2009.[1] IAF, Tab 9, Subtab 4q; HT, Volume 2 at 88-101, 165-66. Although the appellant was released to full duty by her treating physician, she was placed on activity restrictions. IAF, Tab 9, Subtab 4q at 1, 5.

¶4　　　Effective June 27, 2012, the agency removed the appellant for physical inability to perform the essential functions of her position. *Id.*, Subtabs 4a, 4b. In support of the charge of physical inability to perform, the agency specified that, on April 11, 2011, a reviewing physician from the Department of Health and Human Services' Federal Occupational Health Services (FOHS) completed a fitness-for-duty report of the appellant. *Id.*, Subtab 4b at 1-2. The agency stated that the reviewing physician determined that the appellant was restricted from performing a number of the physical functions required in her job as a Special Agent due to her back condition. *Id.* The agency further specified that, on November 14, 2011, an agency-convened Medical Review Board determined that

---

[1] It is unclear from the record whether the appellant filed an OWCP claim for her 2009 back injury.

the appellant was unable to perform the essential job functions of her position without endangering the health and safety of others. *Id*. at 2; *see id.*, Subtab 4l (containing the findings of the Medical Review Board).

¶5     The appellant filed an appeal of her removal in which she raised the affirmative defenses of disability discrimination, reprisal for EEO activity, and harmful procedural error. IAF, Tab 1 at 4, 7, Tab 12 at 2. Following a hearing, the administrative judge issued an initial decision sustaining the agency's charge, but mitigating the penalty to a demotion to a lower-graded nonlaw enforcement position. IAF, Tab 15, Initial Decision (ID) at 1, 34. The administrative judge found that the appellant failed to establish her affirmative defense of disability discrimination, either on the basis of failure to accommodate or disparate treatment. *Id*. at 20-31. The administrative judge also found that the appellant failed to establish that the agency's actions were motivated by retaliation based on her prior EEO activity and failed to establish harmful procedural error. *Id*. at 27-32.

¶6     The agency filed a timely petition for review, and the appellant filed a timely cross-petition for review. Petition for Review (PFR) File, Tabs 1-2. The appellant has also filed a response to the agency's petition for review. PFR File, Tab 4.

## ANALYSIS

The administrative judge correctly sustained the agency's charge.

¶7     On review, the appellant challenges the administrative judge's finding that the agency proved its charge of physical inability to perform the essential functions of her position. Among other things, the appellant contends that the administrative judge failed to adequately consider and weigh evidence indicating that the appellant could work without restrictions and ignored post-removal evidence showing the appellant was fit to perform the duties of her Special Agent position. PFR File, Tab 2 at 6-9, 12-19.

¶8		Where, as here, the appellant occupied a position with medical standards or physical requirements and the finding that she was unable to perform was based on medical history, the agency was required to show the following in order to establish a charge of physical inability to perform:  that the disabling condition itself is disqualifying, its recurrence cannot be ruled out, and the duties of the position are such that a recurrence would pose a reasonable probability of substantial harm.  *Slater v. Department of Homeland Security*, 108 M.S.P.R. 419, ¶¶ 7, 11 (2008); *see* 5 C.F.R. § 339.206 (noting that a history of a particular medical problem may result in medical disqualification only when these requirements are met).  The administrative judge properly applied the evidentiary standard in *Slater* to the current appeal.  ID at 15.

¶9		In sustaining the agency's charge, the administrative judge noted that the position of Special Agent required the ability to meet arduous physical demands, including being capable of engaging in maximum physical exertion without warning, pursuing perpetrators on foot, responding to life threatening emergencies, traversing long distances over difficult or hazardous terrain in extreme weather conditions, and lifting moderate to heavy objects.  ID at 16; IAF, Tab 9, Subtab 4c at 7.  The administrative judge considered the opinion of the FOHS Law Enforcement Medical Program physician, who completed the appellant's April 11, 2011 fitness-for-duty report.  ID at 16-19; IAF, Tab 9, Subtab 4q.  That physician opined that, based on the documentation submitted for review by FWS, information supplied by the appellant and her treating physician, as well as the doctor's knowledge of the essential functions of the appellant's position as a Criminal Investigator (Special Agent), it was her professional opinion that the appellant was not medically qualified to perform the full functions of her job safely and effectively.  IAF, Tab 9, Subtab 4q at 1.  The doctor further stated that "[p]rognosis for return to full duty is considered to be poor." *Id.*

¶10    Contrary to the appellant's contentions, the record reflects that the administrative judge also carefully considered medical evidence submitted by the appellant's treating physicians.  For example, the administrative judge considered a May 19, 2011 memorandum submitted by the appellant's treating physician, in which the physician opined that the appellant's back problem "has basically resolved," and that she was able "to perform the duties of her usual and customary occupation" without accommodation.  ID at 17-18; IAF, Tab 11, Subtab E at 7-10.  In addition, the administrative judge considered an April 13, 2012 medical report by another of the appellant's treating physicians, which stated that he agreed with the appellant's contention that she was doing well and should be able to return to full capacity in her job.  ID at 18; IAF, Tab 11, Subtab F at 3-5.

¶11    We discern no basis to disturb the administrative judge's decision to give more probative weight to the medical opinion of the FOHS physician than those of the appellant's treating physicians.  As noted by the administrative judge, in assessing the probative weight of medical opinions, the Board considers whether the opinion was based on a medical examination and whether the opinion provided a reasoned explanation for its findings as distinct from mere conclusory assertions, the qualifications of the expert rendering the opinion, and the extent and duration of the expert's familiarity with the treatment of the appellant.  ID at 16; *see Slater*, 108 M.S.P.R. 419, ¶ 15.  The administrative judge properly noted the appellant's physicians' expertise and qualifications as specialists in back and spine conditions and their familiarity with the appellant.  ID at 17.  However, the administrative judge found that the appellant's treating physicians did not base their medical opinions on the appellant's position description but rather on the appellant's own description to them of her functions and duties.  ID at 17-18.  Accordingly, the administrative judge found their opinions that the appellant was able to perform her job duties were not persuasive because they were conclusory assertions not based on a reasoned explanation.  ID at 17-18.  By

contrast, the administrative judge found that the FOHS physician's opinion was supported by a reasoned explanation based on her knowledge of the job functions of law enforcement officers. ID at 18. The administrative judge's finding that the FOHS physician's opinion was more persuasive than the opinions of the appellant's treating physicians is supported by the weight of the record evidence and the applicable law; accordingly, we discern no basis for disturbing this finding on review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶12      On review, the appellant contends that the administrative judge failed to consider post-removal medical evidence, including a July 20, 2012 report from one of the appellant's treating physicians. PFR File, Tab 2 at 8-9. Even when an agency proves that an employee was physically unable to perform the duties of her position at the time she was removed, a removal for physical inability to perform cannot be sustained where an employee presents medical evidence that clearly and unambiguously establishes that she has recovered during the pendency of her Board appeal such that she is able to perform the essential functions of her position. *Wren v. Department of the Army*, 121 M.S.P.R. 28, ¶ 6 (2014); *see Edwards v. Department of Transportation*, 109 M.S.P.R. 579, ¶¶ 19-22 (2008) (holding that the efficiency of the service requirement cannot be met where an employee diligently obtains and presents new medical evidence of recovery).

¶13      Here, the record reflects that the administrative judge properly considered the July 20, 2012 medical report. The appellant's treating physician evaluated her on July 20, 2012, following a recent magnetic resonance imaging (MRI). IAF, Tab 11, Subtab F at 6-9. The administrative judge implicitly referred to the July 20, 2012 medical report in the initial decision, correctly noting that the

appellant's physician's diagnosis remained the same after the new MRI and his examination of the appellant. ID at 19; *compare* IAF, Tab 11, Subtab F at 8, *with* IAF, Tab 11, Subtab F at 3. The administrative judge also properly noted that the appellant testified that the MRI performed by her treating physician in mid-2012 showed no improvement in her disc herniation condition. ID at 19; HT, Volume 2 at 158-59.

¶14    Furthermore, the appellant's contention that the administrative judge erred in denying her motion to submit a November 10, 2012 medical report from one of her treating physicians does not provide a basis for review. PFR File, Tab 2 at 25-26. The administrative judge stated in the initial decision that she was denying the appellant's motion to submit this additional medical evidence because the appellant had failed to show that it was not readily available before the close of the record. ID at 14 n.5.

¶15    We find no error in the administrative judge's denial of the appellant's motion. The administrative judge advised the parties that the record would close at the end of the hearing, which was October 26, 2012. ID at 1; IAF, Tab 12 at 8. Once the record closes, additional evidence or argument ordinarily will not be accepted unless it is new and material. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 563 (1989). Evidence is material if it is of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The physician's diagnosis in the November 10, 2012 medical report is the same as the physician's prior diagnoses of the appellant's back condition. *Compare* PFR File, Tab 2 at 29, *with* IAF, Tab 11, Subtab F at 3, 8. Further, he notes "no major changes in her symptomatologies," and that the appellant "denies any changes to her medical history since her last visit." PFR File, Tab 2 at 29. The report is neither new nor material because it contains the same information that the administrative judge

previously found unpersuasive when properly weighing the medical evidence.[2] *Grassell*, 40 M.S.P.R. at 564 (to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed).

¶16    Based on the foregoing, we agree with the administrative judge's finding that the appellant's back condition renders her physically unable to perform in that it is disqualifying, its recurrence cannot be ruled out, and the duties of her law enforcement Special Agent position were such that a recurrence would pose a reasonable probability of substantial harm.  ID at 15-16, 20.  The administrative judge, therefore, properly sustained the agency's charge of inability to perform.

The agency-imposed penalty of removal fell within the limits of reasonableness.

¶17    Removal for physical inability to perform the essential functions of a position promotes the efficiency of the service.  *Jackson v. U.S. Postal Service*, 666 F.2d 258, 260 (5th Cir. 1982); *D'Leo v. Department of the Navy*, 53 M.S.P.R. 44, 51 (1992).  This is especially true where, as here, the inability to perform the essential functions of the position would endanger the health and safety of others.  *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶¶ 9, 18 (2014) (involving a removal for physical inability to perform from a position not subject to medical evaluation programs).

¶18    The traditional analysis for mitigating the penalty under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), does not apply in this instance because of the nondisciplinary nature of the agency's action.  *See Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 31 (2013) (noting that the

---

[2] We further note that the report does not outweigh the previous medical evidence indicating that the appellant was medically unable to perform the essential duties of her position.  *See Johnson v. U.S. Postal Service*, 120 M.S.P.R. 87, ¶ 7 (2013) (finding that a new medical report did not outweigh the weight of reports over a 2-year period that the appellant was medically unable to perform the duties of her position).

*Douglas* factors do not apply to a furlough, consistent with the Board's practice of not applying them to nondisciplinary matters).  In *Douglas*, the Board listed twelve nonexhaustive factors that are relevant in assessing the penalty to be imposed for an act of misconduct, including the nature and seriousness of the offense, the appellant's past disciplinary record, the appellant's past work record, the appellant's potential for rehabilitation, and mitigating circumstances surrounding the offense.  5 M.S.P.R. at 305-06.  None of these factors are relevant in a case where the agency's action is based on physical inability to perform because such a case does not involve any alleged misconduct on the part of the appellant.  Rather, the correct standard to be applied in determining the penalty for a removal based on physical inability to perform is whether the penalty of removal exceeded "the tolerable limits of reasonableness." *Marshall-Carter v. Department of Veterans Affairs*, 94 M.S.P.R. 518, ¶ 14 (2003), *aff'd*, 122 F. App'x 513 (Fed. Cir. 2005).  The record reflects that the appellant's medical condition required long-term recovery and rehabilitation, without a foreseeable end to her incapacity.  As discussed above, the appellant's medical documentation does not persuade us that she is able to return to duty in her position of record.  The reasonableness of the appellant's removal should be based solely on the medical evidence which, in this case, clearly established her physical inability to perform.

¶19     Generally, in instances where an employee cannot perform the essential functions of her position, the Board must examine whether this is true with or without reasonable accommodation and whether the agency has any vacant positions to which it can assign the appellant within her restrictions.  *Id.*; *D'Leo*, 53 M.S.P.R. at 51; *see Jackson v. U.S. Postal Service*, 79 M.S.P.R. 46, 54 (1998) (the Board sustained a removal for physical inability to perform where the appellant failed to identify any vacant funded positions at or below her grade level, the duties of which she could perform).  Nonetheless, the Board has recognized an exception to this general rule.  In particular, the Board held in

*Marshall-Carter* that an agency did not abuse it discretion when assessing the reasonableness of the penalty by failing to consider reassignment as an alternative to removal where the appellant refused to cooperate with the agency's attempts to determine the extent of her physical limitations. 94 M.S.P.R. 518, ¶ 14. In addition, the appellant is obligated to interact with the agency during the reasonable accommodation process, and the penalty of removal may be justified where an appellant fails to do so. *See id.*

¶20    Here, the appellant repeatedly thwarted the agency's numerous attempts to reasonably accommodate her medical restrictions. As noted by the administrative judge, the agency offered to reassign the appellant to one of two lower-graded positions. The appellant, however, rejected the agency's offers of the two lower-graded positions. In fact, she adamantly emphasized that she would only agree to be reassigned to jobs where she would retain her law enforcement status at an equivalent grade and pay level, which the medical evidence clearly showed were jobs for which she could not qualify in light of her medical restrictions. HT, Volume 2 at 33-35, 38. Yet, the administrative judge determined that demotion to one of these lower-graded positions was an appropriate penalty because the agency previously decided the appellant qualified for them and offered them to her, notwithstanding the fact that she categorically rejected these offers. *Id*. at 34.

¶21    The record shows that the appellant's continual rejection of the agency's offers to provide her with lower-graded positions was obstructive, not interactive. *See* 29 C.F.R. § 1630.2(o)(3) (to determine the appropriate reasonable accommodation, an agency may need to "initiate an informal, *interactive* process with the individual with a disability in need of the accommodation") (emphasis added); Appendix to 29 C.F.R. Part 1630, § 1630.9 ("The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the individual with a disability.") Courts have generally required the parties to engage in this process in good faith. *See, e.g.*,

*Rehling v. City of Chicago*, 207 F.3d 1009, 1015-16 (7th Cir 2000); *see also Simpson v. U.S. Postal Service*, 113 M.S.P.R. 346, ¶ 18(2010) (finding that the appellant did not prove the denial of reasonable accommodation where he was unresponsive to the agency's good faith attempts to engage in the interactive process).

¶22      In light of the appellant's repeated refusals to accept any of the agency's numerous offers to accommodate her, we find that this case falls squarely within the exception set forth in *Marshall-Carter*. As we have pointed out, the appellant has certain obligations during the interactive reasonable accommodation process, and the penalty of removal may be justified where the appellant falls short of those obligations. *Jackson*, 79 M.S.P.R. at 54 (citing *Gonzagowski v. Widnall*, 115 F.3d 744, 748-49 (10th Cir. 1997)); *Shiring v. Runyon*, 90 F.3d 827, 832 (3d Cir. 1996); *Robinson v. Runyon*, 987 F. Supp. 620, 622 (N.D. Ohio 1997). Consequently, we find that, under the circumstances in this case, the agency-imposed penalty of removal fell within the tolerable limits of reasonableness. *See Beard v. General Services Administration*, 801 F.2d 1318, 1322 (1986) (the Board will give deference to an agency's decision regarding a penalty); *McPherson v. U.S. Postal Service*, 48 M.S.P.R. 624, 632-34 (1991) (removal of an employee whose physical condition rendered him incapable of performing the duties of his position promoted the efficiency of the service); *Coley v. Department of the Army*, 29 M.S.P.R. 101, 106 (1985) (same).

The administrative judge properly found that the appellant failed to establish her affirmative defenses.

*Failure to Accommodate*

¶23      On review, the appellant asserts that the administrative judge erred in adjudicating her reasonable accommodation claim. PFR File, Tab 2 at 6, 10-12, 20-21. An appellant may establish a disability discrimination claim based on failure to accommodate by showing that: (1) she is a disabled person; (2) the action appealed was based on her disability; and, to the extent possible, (3) there

was a reasonable accommodation under which the appellant believes she could perform the essential duties of her position or of a vacant position to which she could be reassigned. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 16 (2010). The administrative judge found that the appellant was a person with a disability under the Americans with Disabilities Act Amendments Act of 2008, and the parties do not dispute this finding on review.[3] ID at 21. After finding that the appellant could not be accommodated in her current position, ID at 22-23, the administrative judge considered whether there was a vacant position to which the appellant could have been reassigned. The administrative judge found that there were two vacant Law Enforcement Support Assistant positions that were suitable for the appellant, and that the agency did not fail to reasonably accommodate the appellant concerning these positions because it offered to noncompetitively convert her to either of them. ID at 24.

¶24        The administrative judge also considered whether the agency was required to reasonably accommodate the appellant in a position at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, as a GS-12 Instructor. ID at 25-26. Upon careful consideration, the administrative found the FLETC Instructor job was not a vacant position which the agency was required to fill as a reasonable accommodation for the appellant. ID at 25. Specifically, the administrative judge found that the position was not a permanent one but rather one that the agency could fill on a short-term basis at its discretion. ID at 26.

¶25        The appellant contends on review that the administrative judge erred in finding that the GS-12 FLETC Instructor position was not vacant. PFR File,

---

[3] As a federal employee, the appellant's claim of discrimination on the basis of disability arises under the Rehabilitation Act of 1973. However, the regulatory standards for the Americans with Disabilities Act have been incorporated by reference into the Rehabilitation Act, and the Board applies them to determine whether there has been a Rehabilitation Act violation. 29 U.S.C. § 791(g); *Sanders*, 114 M.S.P.R. 487, ¶ 16; 29 C.F.R. § 1614.203(b).

Tab 2 at 10-12. We discern no basis for disturbing the administrative judge's finding that the GS-12 FLETC Instructor position was a short-term, nonpermanent position. As such, it did not constitute a funded vacant position. *See Okleson v. U.S. Postal Service*, 90 M.S.P.R. 415, ¶ 13 (2001) (finding that a detail did not constitute a funded vacant position within the meaning of Equal Employment Opportunity Commission regulations). Thus, the appellant has failed to establish that the agency discriminated against her by failing to reasonably accommodate her disability.

*Disparate Treatment and Retaliation*

¶26    The appellant contends on review that the administrative judge erred in denying her disparate treatment and retaliation claims. PFR File, Tab 2 at 22-25. Where an agency has already articulated a nondiscriminatory reason for its action, such as in this case, the inquiry is whether, upon weighing all the evidence, the appellant has met her burden of proving that the agency intentionally discriminated against her based on her disability or retaliated against her based on EEO activity. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 36 (2014). The evidence to be considered at this stage may include: (1) the elements of the prima facie case; (2) any evidence the employee presents to attack the employer's proffered explanations for its actions; and (3) any further evidence of discrimination or retaliation that may be available to the employee, such as independent evidence of discriminatory statements or attitudes on the part of the employer, or any contrary evidence that may be available to the employer, such as a strong track record in equal opportunity employment. *Id*. While such evidence may include proof that the employer treated similarly-situated employees differently, an employee may also prevail by introducing evidence: (1) that the employer lied about its reason for taking the action; (2) of inconsistency in the employer's explanation; (3) of failure to follow established procedures; (4) of general treatment of disabled employees or those who engage in protected activities; or (5) of incriminating statements by the employer. *Id*.

¶27        Regarding the claim of disparate treatment based on disability, the appellant contends that the agency treated her less favorably than another employee who was provided with an accommodation to allow him to continue working. PFR File, Tab 2 at 22-24. For employees to be deemed similarly situated for purposes of a disparate treatment discrimination claim, all relevant aspects of the appellant's employment situation must be "nearly identical" to those of the comparator employees. *Fox*, 120 M.S.P.R. 529, ¶ 37. The appellant contends on review that the administrative judge erred in finding that the appellant was not similarly situated to the other employee who was provided an accommodation. PFR File, Tab 2 at 23; ID at 29. The appellant, however, does not dispute the administrative judge's findings that the other employee had unique expertise in a subject area involving extensive activity on the internet and that the appellant's supervisors were not involved in the modification of that employee's work duties. ID at 29. Accordingly, we discern no basis for disturbing the administrative judge's finding that the appellant and the other employee were not similarly situated. *See Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶ 10 (2012) (denying the appellant's discrimination claim based on disparate treatment where not all aspects of the appellant's employment situation were nearly identical to those of the comparator employee).

¶28        As to the appellant's retaliation claim, the appellant contends that the deciding official was aware of the appellant's EEO complaint prior to the appellant's removal. PFR File, Tab 2 at 24. However, the appellant fails to establish that the deciding official had a motive to retaliate against the appellant based on her EEO complaint. In the initial decision, the administrative judge found the appellant's EEO complaint was not directed at the deciding official and did not implicate the deciding official's conduct. ID at 31. The appellant does not dispute this finding on review or offer any evidence or argument suggesting the deciding official had a retaliatory motive. Based on the evidence of record, we agree with the administrative judge that the appellant has failed to

meet her ultimate burden of establishing that the agency intentionally retaliated against her based on her protected EEO activity. *See Mahaffey v. Department of Agriculture*, 105 M.S.P.R. 347, ¶ 22 (2007) (denying the appellant's retaliation claim where the appellant failed to establish a retaliatory animus).

*Harmful Procedural Error*

¶29　　The appellant reiterates her harmful procedural error claim on review. PFR File, Tab 2 at 21-22. The appellant's assertions constitute mere disagreement with the administrative judge's well-reasoned finding that the appellant failed to establish that the agency committed a harmful procedural error. ID at 31-32. Therefore, they fail to provide a basis for disturbing the initial decision. *See Crosby*, 74 M.S.P.R. at 106 (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton*, 33 M.S.P.R. at 359 (same).

¶30　　For the foregoing reasons, we SUSTAIN the agency's removal action.

## ORDER

¶31　　This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:　Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.